HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONNA DOUGHERTY<br><br>                    Plaintiff,<br><br>          v.<br><br>RICHARD JOHNSON, Jane Doe Johnson, and the marital community comprised thereof and the CITY OF TACOMA, a municipal corporation, and the CITY OF TACOMA DEPARTMENT OF PUBLIC UTILITIES, a public agency of the City of Tacoma,<br><br>                    Defendant. | Case No. C07-5441<br><br>ORDER TO RENOTE PLAINTIFF'S MOTION TO REMAND, DENYING DEFENDANTS' MOTION TO STRIKE, GRANTING DEFENDANTS' MOTION FOR A CONTINUANCE |

THIS MATTER comes before the Court upon plaintiff's Motion to Remand (Dkt. 9) and defendants' Motion to Strike (Dkt. 19) and Motion for a Continuance (Dkt. 19). The Court has considered the pleadings filed in support of and in opposition to the motion and the entire file herein. For the reasons, set forth below, the Court declines to grant or deny the Motion to Remand at this time. The Court denies the defendants' motion to strike and grants defendants' motion for a continuance.

## BACKGROUND

On June 18, 2007, Ms. Dougherty filed this lawsuit in the Pierce County Superior Court. (Dkt. 1, Exh. A, Complaint). On July 30, 2007, the defendants were served with the complaint and the summons. (Dkt. 5, Exh. e, Notice of Appearance). On August 18, 2007, the City of Tacoma and the City of Tacoma Department of Public Utilities (hereafter, Tacoma defendants) removed the lawsuit to this Court. (Dkt. 1, Notice of Removal). The Tacoma defendants based the removal on two theories: (1) the Court has jurisdiction pursuant 28 U.S.C. § 1331 because plaintiff asserted a federal claim under the Civil Rights Act of 1964; and, (2) the Court has diversity jurisdiction pursuant 28 U.S.C. § 1332 because the amount in

1    controversy exceeds $75,000 and all defendants are residents of Washington while the plaintiff is a resident

2    of Idaho.  *Id.*  On September 6, 2007, the Tacoma defendants filed their answer to the complaint in this

3    Court and asserted two cross claims against defendant Johnson.  (Dkt. 7, Answer and Cross-claim).

4         On September 21, 2007, plaintiff filed a motion to remand and requested costs and attorney's fees

5    related to the removal.  (Dkt. 9).  Plaintiff argued that it did not assert any federal claim.  *Id.*  The

6    complaint only referenced the Civil Rights Act of 1964 to the extent it is used in RCW 49.60.030(2).  *Id.*

7    Plaintiffs, however, did not address defendants' contention that the Court had diversity jurisdiction.

8         In the Tacoma defendants' opposition to the motion, they did not address subject matter

9    jurisdiction but again re-asserted that removal was proper because the Court has diversity jurisdiction.

10   (Dkt. 14, opposition brief).  They first point to the Claim for Damages (Dkt. 15, Exh. A) filed by plaintiff,

11   in which plaintiff claimed damages in excess of $300,000.  Also, Tacoma defendants assert there is

12   diversity of citizenship because plaintiff resides in Idaho. Plaintiff listed an Idaho address on her claim for

13   damages (Dkt. 15, Exh. A) and on her notice of charge filed with the EEOC (Dkt. 15, Exh. B).

14        On October 11, 2007, plaintiff filed a reply brief arguing that there was no diversity of citizenship.

15   (Dkt. 16).  First, she argued that there is no diversity because the Tacoma defendants filed a cross claim

16   against defendant Johnson.  *Id.*  Second, plaintiff asserts that, although she maintains a residence in Idaho,

17   her main residence is in Washington.  (Dkt. 17, Declaration of Dougherty).  To support that assertion,

18   plaintiff claims that her Washington address is listed on the Tacoma defendants' personnel records (Dkt.

19   16, Declaration of Bawn), and that she maintains a Washington drivers license (Dkt. 17, Declaration of

20   Dougherty).  Plaintiff also claims that she provided the EEOC with her Washington address when she filed

21   her charge but asked the EEOC to send a particular letter to Idaho.  *Id.*  Nevertheless, plaintiff has not

22   provided any documentation in support of these assertions.

23        On October 18, 2007, Tacoma defendants filed a motion to strike plaintiff's reply because plaintiffs

24   presented new legal arguments in the reply that were not presented in plaintiff's motion.  (Dkt. 19).

25   Alternatively, Tacoma defendants move to continue the case in order to conduct discovery regarding

26   plaintiff's residence. *Id.*

27

28

ORDER
Page - 2

**DISCUSSION**

**A. Motion to Remand**

Any civil action brought in state court is removable if it might have originally been brought in federal court. 28 U.S.C. § 1441(a).  For a civil action to be brought in federal court, the court must have subject matter jurisdiction.  Federal courts strictly construe their limited jurisdiction.  *Lowdermilk v. United States Bank Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007).  If the court determines at any time that it does not have subject matter jurisdiction, the action must be remanded back to state court. 28 U.S.C. 1447(c). The defendant bears the burden of showing that removal to federal court was proper. *California ex. rel. Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

**1. Jurisdiction based on a federal claim**

Tacoma defendants assert that removal was proper because plaintiff stated a claim arising under federal law in her complaint.  (Dkt. 1). Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.*

In her complaint, plaintiff alleged a cause of action under the Washington Law Against Discrimination, RCW 49.60.  (Dkt. 1, Exh. A).  The remedies for violating this Washington State statute incorporates federal remedies authorized by the United States Civil Rights Act of 1964.  RCW 49.60.030(2).  A state cause of action is not converted to a federal cause of action simply because a remedy under a state law incorporates certain federal remedies by reference. Accordingly, the Court does not have subject matter jurisdiction to hear this case based on a federal cause of action.

**2. Jurisdiction based on diversity**

Tacoma defendants also assert that removal was proper based on diversity jurisdiction.  (Dkt. 1). Under 28 U.S.C. § 1332, a court has diversity jurisdiction if (1) the amount in controversy is greater than $75,000 ; and (2) the parties have diversity of citizenship. *Id.*  Diversity requires each plaintiff to be a citizen of a different state than each of the defendants. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089 (9th Cir. 2004) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)).

Plaintiffs do not appear to dispute that the amount in controversy exceeds $75,000.  Plaintiffs, however, dispute whether the parties are citizens of different states.  (Dkt. 16, Plaintiff's Reply Brief). First, plaintiff contends that diversity is destroyed because the Tacoma defendants, citizens of Washington,

1   asserted cross-claims against defendant Johnson, a citizen of Washington. Second, plaintiff contends that

2   there is no diversity of citizenship because she is also a citizen of Washington even though she lives in

3   Idaho part time.

### a. Cross Claim

5        Plaintiff's assertion that the cross-claim between non-diverse defendants destroys diversity is

6   incorrect.  A defendant's cross-claim under Fed. R. Civ. P. 13(g) against another defendant will not defeat

7   diversity even if the parties are citizens of the same state. *See, e.g., World Trade Center Properties, L.L.C.*

8   *v. Hartford Fire Ins. Co*, 345 F.3d 154, 163 (2nd Cir. 2003) (overruled on other grounds); *Ryan ex. rel.*

9   *Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819-20 (8th Cir. 2001).  The court can retain

10  jurisdiction over the cross claims through supplemental jurisdiction as provided in 28 U.S.C. § 1367(a).

11  *Id.*

### b. Plaintiff's residence

13       Plaintiff argues that there is no diversity jurisdiction because, like the defendants, she is a citizen of

14  Washington. Tacoma defendants have produced two documents suggesting that plaintiff resides in Idaho.

15  (Dkt. 15, Exh. A, B).  Plaintiff asserted that her Washington State driver's license, some personnel records,

16  and EEOC records prove she is a Washington resident. (Dkt. 16, Plaintiff's Reply Brief; 17, Declaration of

17  Dougherty).  None of these documents, however, were submitted to the court. At this juncture, the Court

18  cannot determine where plaintiff resides. Consequently, the Court is currently not in a position to rule on

19  plaintiff's motion to remand.

20  **B. Plaintiff's request for costs and attorney's fees**

21       Plaintiff is requesting attorney's fees and costs associated with the removal and the motion to

22  remand.  Because the Court has not ruled on the motion to remand, the Court cannot rule on plaintiff's

23  request for costs and attorney's fees.

24  **C. Tacoma defendants' Motion to Strike**

25       Because plaintiff argued for the first time in her reply brief and diversity of citizenship does not

26  exist, Tacoma defendants moved to strike (Dkt. 19) plaintiff's reply brief (Dkt. 16) as well as the

27  supporting declarations of plaintiff (Dkt. 17) and plaintiff's counsel (Dkt. 18).  The Court has the

28  discretion to grant or deny the motion to strike. *Canady v. Erve Elektromedizin GmbH*, 307 F.Supp.2d 2,7

(D. D.C. 2004) (citing *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664-65 (7th Cir. 1992).
Motions to strike are generally disfavored, *RDF Media Ltd. V. Fox Broadcasting Co.*, 372 F. Supp. 2d
556, 566 (C.D. Cal. 2005),  and as a matter of policy, courts prefer to resolve the case on the merits.
Because of this policy and because the Court must remand a case if it determines at any time that it does
not have jurisdiction, the Court DENIES Tacoma defendants' motion to strike.

**D. Tacoma defendants' Motion for a Continuance**

As an alternative to the motion to strike, Tacoma defendants' have requested a continuance so they
can conduct discovery concerning plaintiff's residence.  (Dkt. 19).  Because the determination of one's
domicile is fact intensive and because of the lack of evidence before the Court regarding plaintiff's
domicile, the Court GRANTS Tacoma defendants' motion for a continuance.  The Tacoma defendants will
have 30 days from the date of this order to conduct discovery regarding plaintiff's domicile.  The Court
will re-note the motion to remand for January 11, 2008.

<b>CONCLUSION</b>

Tacoma defendants' motion to strike (Dkt. 19) is DENIED.  Tacoma defendants' motion for a
continuance (Dkt. 19) is GRANTED.  Parties will have 30 days from the date of this order to conduct
discovery regarding plaintiff's domicile.  Plaintiff's motion to remand (Dkt. 9) and request for costs and
attorney's fees (Dkt. 9) is RE-NOTED for January 11, 2008.

IT IS SO ORDERED.

Dated this 9th day of November, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 5