HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONNA DOUGHERTY

        Plaintiff,

     v.

RICHARD JOHNSON, Jane Doe Johnson, and the marital community comprised thereof and the CITY OF TACOMA, a municipal corporation, and the CITY OF TACOMA DEPARTMENT OF PUBLIC UTILITIES, a public agency of the City of Tacoma,

        Defendant.

Case No. C07-5441

ORDER

THIS MATTER comes before the Court sua sponte. Despite plaintiff's withdrawal of her motion for remand (Dkt. 22), the Court is still uncertain it has subject matter jurisdiction over this action.

On August 18, 2007, the City of Tacoma and the City of Tacoma Department of Public Utilities (hereafter, Tacoma defendants) removed the lawsuit to this Court. (Dkt. 1). The Tacoma defendants based the removal on two theories: (1) the Court has jurisdiction pursuant 28 U.S.C. § 1331 because plaintiff asserted a federal claim under the Civil Rights Act of 1964; and, (2) the Court has diversity jurisdiction pursuant 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and all defendants are residents of Washington while the plaintiff is a resident of Idaho. *Id.*

On September 21, 2007, plaintiff filed a motion to remand arguing that she did not state a federal claim. (Dkt. 9). Plaintiff did not argue that the Court also lacked diversity jurisdiction until she filed her reply brief. (Dkt. 16). In her reply brief, plaintiff admitted that she lives in Idaho part time but asserted that her main residence is in Washington. *Id.*

On October 18, 2007, Tacoma defendants filed a motion to strike plaintiff's reply because plaintiff presented new legal arguments in her reply that were not presented in her motion to remand. (Dkt. 19).

Alternatively, Tacoma defendants moved to continue the case in order to conduct discovery regarding plaintiff's domicile. *Id.*

On November 9, 2007, this Court issued an order (Dkt. 20) stating that it did not have subject matter jurisdiction based on federal question and declined to decide whether it has diversity jurisdiction because of the uncertainty of plaintiff's domicile. This Court denied the defendant's motion to strike and granted defendant's motion for a continuance to conduct discovery concerning plaintiff's domicile.

Plaintiff now wishes to withdraw her motion to remand (Dkt. 22), essentially consenting to removal jurisdiction. However, parties cannot create subject matter jurisdiction by consent where none exists. *See, e.g. Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986); *Hajek v. Burlington Northern R.R. Co.*, (9th Cir. 1999). The Court has "a continuing obligation to assess whether it has subject matter jurisdiction even if the issue is neglected by the parties." *U.S. v. Ceja-Prado*, 372 F.3d 1046, 1049 (9th Cir. 2003). If at any time after removal a Federal Court determines that it does not have subject matter jurisdiction, the Court must remand an action back to state court. 28 U.S.C. 1447(c). The Court, therefore, must determine whether it has subject matter jurisdiction before addressing the merits of the case.

The defendant bears the burden of proving that removal was proper. *California ex. rel. Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). However, in this case, plaintiff has attempted to consent to removal jurisdiction and the proof of plaintiff's domicile is within the control of plaintiff. Under these circumstances, both parties have until January 11, 2008, to provide proof that plaintiff has subject matter jurisdiction.

IT IS SO ORDERED.

Dated this 17th day of December, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE